IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JARROD STRINGER, NAYELI GOMEZ, JOHN HARMS, MOVE TEXAS CIVIC FUND, and LEAGUE OF WOMEN VOTERS OF TEXAS | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 5:20-cv-00046-OLG |
| RUTH HUGHS, IN HER OFFICIAL CAPACITY AS THE TEXAS SECRETARY OF STATE and STEVEN C. McCRAW, IN HIS OFFICIAL CAPACITY AS THE DIRECTOR OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY | § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION REQUESTING JUDICIAL NOTICE**

Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, Plaintiffs respectfully ask the Court to take judicial notice of various official government web pages. Specifically, Plaintiffs request that the Court take judicial notice of the following Texas Department of Public Safety, Texas Secretary of State, and U.S. Census Bureau websites and contents thereof:

1. Texas Department of Public Safety, Driver License Renewal and Change of Address Web Page, https://txapps.texas.gov/tolapp/txdl/, attached hereto as A-1.

2. Texas Department of Public Safety, Online Services Eligibility, https://txapps.texas.gov/tolapp/txdl/eligibility.dl?locale=en_US, attached hereto as A-2.

3. Texas Secretary of State, Voter Registration Application, https://webservices.sos.state.tx.us/vrapp/indEx.asp, attached hereto as A-3.

4. Texas Secretary of State, Request for Voter Registration Application, https://www.sos.state.tx.us/elections/voter/reqvr.shtml, attached hereto as A-4.

5. Texas Secretary of State, Important Election Dates, https://www.sos.state.tx.us/elections/voter/2020-important-election-dates.shtml, attached hereto as A-5.

6. Texas.gov, The Official Website of the State of Texas, https://texas.gov/, attached hereto as A6.

7. Application for Texas Driver License or Identification Card, https://www.dps.texas.gov/internetforms/Forms/DL-14A.pdf, attached hereto as A-7.

8. Application for Renewal/Replacement/Change of a Texas Driver License or Identification Card, http://www.dps.texas.gov/Internetforms/Forms/DL-43.pdf, attached hereto as A-8.

9. Application for Change of Address on Valid Texas Driver License (DL) & Identification Card (ID), http://www.dps.texas.gov/Internetforms/Forms/DL-64.pdf, attached hereto as A-9.

10. Texas Department of Public Safety, Driver License Renewal and Change of Address Eligibility and About webpage, https://txapps.texas.gov/tolapp/txdl/faq.dl?locale=en_US, attached hereto as A-10.

11. United States Census Bureau, County-to-County Migration Flows: 2013-2017 ACS, Census.gov (last revised Aug. 22, 2019), https://www.census.gov/data/tables/2017/demo/geographic-mobility/county-to-county-migration-2013-2017.html, and the relevant tables linked thereon, attached hereto as A-11.

## AUTHORITY

The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of information contained on government websites. *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of representation on agency website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (taking judicial notice of Texas state agency's website); *see also United States v. Garcia*, 855 F.3d 615, 621-22 (4th Cir. 2017) (holding that district court

did not abuse its discretion in taking judicial notice of information on USCIC website). Moreover, courts may take judicial notice of government website information that is admissible under the public records exception to the hearsay rule. Fed. R. Evid. 803(8); *see, e.g., Kew v. Bank of Am., N.A.*, No. CIV.A. H-11-2824, 2012 WL 1414978, at *3 n.4 (S.D. Tex. Apr. 23, 2012) (holding that a printout from the Harris County Appraisal district's website was a public record under Rule 803(8) and that the court could take judicial notice of the same). Likewise, "United States census data is an appropriate and frequent subject of judicial notice." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571–72 (5th Cir. 2011) (considering census data related to the rate at which people move from Texas to another state).

Judicial notice expedites proceedings by simplifying the process of proving matters on which there can be no reasonable dispute. "When a party requests that the Court take judicial notice of a fact and supplies it with the necessary information, the Federal Rules of Evidence provide that the Court must judicially notice the fact in question." *Cleven v. Mid-Am. Apartment Communities*, Inc., No. 1:16-CV-820-RP, 2017 WL 4276534, at *3 (W.D. Tex. Sept. 26, 2017) (citing Fed. R. Evid. 201(b)). Here, the accuracy of Defendants' own web pages and commonly available census data cannot be reasonably questioned. Recognizing this, the District Court previously took judicial notice of these exact or previous versions of these materials in an earlier, related case. *See Stringer I*, No. 5:16-cv-00257-OLG at Doc. #104 (W.D. Tex. Apr. 26, 2018) (order).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court take judicial notice of attachments A-1 through A-11 and the content therein.

Dated: January 17, 2020                                         Respectfully submitted,

                                                                /s/___Rebecca Harrison Stevens_____

Mimi Marziani
Texas Bar No. 24091906
mimi@texascivilrightsproject.org
Rebecca Harrison Stevens
Texas Bar No. 24065381
beth@texascivilrightsproject.org
Hani Mirza
Texas Bar No. 24083512
hani@texascivilrightsproject.org
Ryan Cox
Texas Bar No. 24074087
ryan@texascivilrightsproject.org
Joaquin Gonzalez*
Texas Bar No. 24109935
joaquin@texascivilrightsproject.org

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741
Tel. (512) 474-5073
Fax (512) 474-0726

*Joaquin Gonzalez's Motion for Admission Pro Hac Vice into the U.S. District Court of the Western District of Texas is currently pending.*

Peter A. Kraus*
Texas State Bar No. 11712980
kraus@waterskraus.com
Charles S. Siegel
Texas State Bar No. 18341875
siegel@waterskraus.com
Caitlyn E. Silhan
Texas State Bar No. 24072879
csilhan@waterskraus.com

WATERS & KRAUS, LLP
3141 Hood St., #700
Dallas, Texas  75219
214-357-6244 (Telephone)
214-871-2263 (Facsimile)

*\* Peter A. Kraus's Motion for Admission Pro Hac Vice into the U.S. District Court of the Western District of Texas is currently pending.*

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF CONFERENCE**

I certify that on January 16 and 17, 2020, I conferred via email with Anna Mackin, counsel for Defendants, who indicated that she will confer with her clients and advise whether they oppose the instant motion next week.

/s/ _Caitlyn Silhan_____

## **CERTIFICATE OF SERVICE**

By my signature below, I certify that a true and correct copy of the foregoing has been served on all counsel of record on January 17, 2020 via email and on January 18, 2020 via certified mail, return receipt requested.

/s/ _Rebecca Harrison Stevens_