**F I L E D**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FEB 1 3 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

JARROD STRINGER, et. al.                    )
                                            )
                                            )
v.                                          )     CIVIL NO. SA-16-CV-257-OG
                                            )
ROLANDO PABLOS, in his official             )
capacity as Texas Secretary of State        )
and STEVEN C. McCRAW, in his official       )
capacity as Director of the Texas Department )
of Public Safety                            )

_____

JARROD STRINGER, et. al.                    )
                                            )
v.                                          )
                                            )
RUTH HUGHS, in her official capacity        )     CIVIL NO. SA-20-CV-46-OG ✔
as Texas Secretary of State and STEVEN C.   )
McCRAW, in his official capacity as         )
Director of the Texas Department of         )
Public Safety                               )

## ORDER

In response to Defendants' objection to consolidation, the Court has considered the issue of

severance. As noted in the consolidation order, the claims before the Court are identical to the claims

in Stringer I. Defendants' practices and procedures have not changed, and the only new issue is

whether the current plaintiffs have standing. Thus, it is anticipated that both the Court and the parties

will refer to and rely upon much of the evidence in Stringer I in resolving the merits. To avoid the

waste of judicial resources, the Court consolidated the two cause numbers. Yet Defendants continue

to argue that the Court lacks subject matter jurisdiction over the current claims, due in part to the

consolidation. To be clear, the Court's subject matter jurisdiction does not arise from a cause number

assigned by the Clerk of Court. Docketing the current claims under 16-CV-257 or 20-CV-46 makes

no difference whatsoever. However, the waste of time and resources on the issue of consolidation

is exactly what the Court attempted to avoid.

It is therefore ORDERED that the above styled cause numbers are SEVERED. This order shall be docketed in both 16-CV-257 and 20-CV-46, and the following docket entries in 16-CV-257 shall be duplicated and docketed in 20-CV-46 by the Clerk of the Court: 123-134, 136-138, 140-167, and all text orders within this docket entry range.[1] The motion to intervene was construed as a request to intervene in the Stringer II claims, and was granted on that basis; thus, it shall be deemed part of the record in 20-CV-46.

It is further ORDERED that the parties may continue to refer to evidence in 16-CV-257 as necessary and appropriate, rather than filing duplicate copies of such evidence. All future filings will be docketed under 20-CV-46.

SIGNED and ENTERED this _13_ day of February, 2020.

_____
ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE

---

[1]The Court has omitted docket no. 135, the consolidation order, because it was docketed in both cause numbers and docket no. 139, which dismisses the Stringer I claims pursuant to the Fifth Circuit's judgment and mandate. Docketing all other documents in 20-CV-46 imposes a burden on the Clerk of the Court but alleviates the burden on the parties to re-file documents they have already filed.