## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| JARROD STRINGER; BENJAMIN HERNANDEZ; JOHN WOODS,<br><br>    Plaintiffs,<br><br>  v.<br><br>RUTH HUGHS, in her official capacity as the Texas Secretary of State; STEVEN C. MCCRAW, in his official capacity as the Director of the Texas Department of Public Safety;<br><br>    Defendants. | Civil Action<br><br>Case No. 5:16-cv-00257-OLG |

## <u>TEXAS DEMOCRATIC PARTY, DSCC, AND DCCC'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE</u>

## <u>TABLE OF CONTENTS</u>

**Page**

I. ARGUMENT.................................................................................................................. 1

    A. Intervenors have independent grounds of jurisdiction to support this lawsuit...................... 1

    B. Allowing intervention would not defy the Fifth Circuit's mandate. ..................................... 2

    C.  Intervenors meet the requirements to intervene as of right. .................................................. 3

    D. In the alternative, the Court should grant Intervenors' request for permissive intervention.. 5

II. CONCLUSION .......................................................................................................... 5

# TABLE OF AUTHORITIES

### CASES

*Diamond v. Charles*,
   476 U.S. 54 (1986)........................................................................................................1

*Edwards v. City of Houston*,
   78 F.3d 983 (5th Cir. 1996) ........................................................................................3, 4

*Fuller v. Volk*,
   351 F.2d 323 (3d Cir. 1965)...........................................................................................5

*Gaines v. Dixie Carriers, Inc.*,
   434 F.2d 52 (5th Cir. 1970) ...........................................................................................4

*Hunt Tool Co. v. Moore, Inc.*,
   212 F.2d 685 (5th Cir. 1954) .........................................................................................2

*Kneeland v. Nat'l Collegiate Athletic Ass'n*,
   806 F.2d 1285 (5th Cir. 1987) .......................................................................................5

*N.Y. State Nat. Org. for Women v. Pataki*,
   228 F. Supp. 2d 420 (S.D.N.Y. 2002)............................................................................2

*Sprague v. Ticonic Nat. Bank*,
   307 U.S. 161 (1939).......................................................................................................3

*Stallworth v. Monsanto Co.*,
   558 F.2d 257 (5th Cir. 1977) ......................................................................................4, 5

*Stringer v. Whitley*,
   942 F.3d 715 (5th Cir. 2019) ......................................................................................2, 3

*Texas Democratic Party, et al. v. Hughs*,
   No. 5:20-cv-00008 (W.D. Tex. Jan. 6, 2020) .............................................................0, 4

*United Airlines, Inc. v. McDonald*,
   432 U.S. 385 (1977).......................................................................................................3

### OTHER AUTHORITIES

7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §
   1917 (3d ed.) ..................................................................................................................2

Fed. R. Civ. P. 24(a)(2).....................................................................................................3, 5

Fed. R. Civ. P. 24(b)(1)(B), (3).............................................................................................5

Fed. R. Civ. P. 24(b) .....................................................................................................1, 2, 3

In the face of Defendants' continuing violation of the National Voter Registration Act and the Fourteenth Amendment's equal protection guarantee, Defendants ask this Court to ignore the principle of judicial economy and require the Intervenors to file a new litigation that will necessarily have the same result as this one, save for the standing infirmities. Defendants erroneously claim that such a ruling is required by the Federal Rule on intervention. It is not. The Fifth Circuit Court of Appeals has previously permitted intervention in circumstances similar to those present here, and Intervenors meet all of the necessary prerequisites for both intervention as of right and permissive intervention under Federal Rule of Civil Procedure 24. The procedural posture of this case does nothing to alter those realities. Accordingly, Intervenors respectfully request that this Court grant their motion to intervene.

## I. ARGUMENT

### A. Intervenors have independent grounds of jurisdiction to support this lawsuit.

Intervenors' have independent Article III standing to continue this lawsuit when plaintiffs are dismissed. Article III standing is not necessarily a prerequisite to intervention, *see Diamond v. Charles*, 476 U.S. 54, 68 (1986), and an intervenor who does not possess standing cannot intervene in a jurisdictionally defective case because they cannot provide the court with jurisdiction. But intervenors who have Article III standing are different, as they ensure that the court has jurisdiction and can allow an otherwise foreclosed action to continue. This principle explains why intervenors who have Article III standing are commonly permitted to continue litigating an action when the party on whose side they intervened does not wish to continue: "an intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III." *Id.* Similarly, Intervenors' independent bases for jurisdiction permit this action to proceed, allowing the court to treat their

1

pleadings as a separate action to promote efficiency and avoiding unnecessary delay. *See* 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1917 (3d ed.).

In *Hunt Tool Co. v. Moore, Inc.*, 212 F.2d 685 (5th Cir. 1954), the Fifth Circuit permitted precisely what the Intervenors seek here: intervention to allow an intervenor to "cure[] the jurisdictional defects of the original action" when such defects would otherwise require dismissal. *Id.* at 688. In *Hunt*, the jurisdictional defect was a lack of diversity of citizenship, cured by dismissing the non-diverse parties. *Id*. Here, Intervenors seek "to cure[] the jurisdictional defect" of lack of a party with Article III standing. That the intervenors in *Hunt* sought intervention at a different time in the case than Intervenors here do is of no moment. *See* Defs.' Br. 4-6. The Fifth Circuit has detailed what it requires for a motion for intervention to be "timely" under the Federal Rules, and Intervenors meet that standard. *See supra* at 3-4. Defendants' repeated references to the current posture of the case are merely an attempt to impose a different timeliness standard on Intervenors out of thin air. The court should reject this effort.

**B. Allowing intervention would not defy the Fifth Circuit's mandate.**

Defendants attempt to overstate the Fifth Circuit's mandate, but its plain language permits Intervenors' action here.  As Defendants acknowledge, the Fifth Circuit remanded this case with only the following mandate: "dismiss Plaintiffs' claims for lack of standing." *Stringer v. Whitley*, 942 F.3d 715, 725 (5th Cir. 2019). While that mandate requires dismissal of the current plaintiffs' claims, it says nothing about Intervenors' claims. This Court's decision to allow the intervention of the Intervenors would not contravene the Fifth Circuit's mandate, and the mere fact that the Fifth Circuit mandated dismissal of the current Plaintiffs' claims does not—standing alone— require that this case conclude. *See N.Y. State Nat. Org. for Women v. Pataki*, 228 F. Supp. 2d 420, 428 (S.D.N.Y. 2002) (indicating that an appellate court's mandate for dismissal does not

necessarily signal the end of the case on remand). Contrary to Defendants' assertions, Intervenors

seek to have the court adjudicate the merits of their claims, not those of the current plaintiffs, and

the cases cited by Defendants do not capture this distinction.[1]

### C.  Intervenors meet the requirements to intervene as of right.

Intervenors have satisfied Rule 24(a)(2)'s requirements for intervention as of right, and

Defendants' arguments to the contrary are meritless. First, Defendants mischaracterize the law and

the facts of this case to argue that Intervenors' motion is untimely. Defs.' Br. 10. For purposes of

timeliness, what matters is when intervenors know their interests are no longer adequately

represented. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977); *see also Edwards v.

City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) ("The timeliness clock runs . . . from the time

he became aware that his interest would no longer be protected by the existing parties. . . ."). 

Intervenors' interests were adequately protected throughout the litigation in this Court, and

ultimately the Court found in favor of those interests. The Fifth Circuit's ruling that the current

plaintiffs lacked standing was the first time that Intervenors' interests were no longer adequately

protected. Accordingly, Intervenors moved to intervene shortly after that decision. Defendants

miss the mark by arguing that intervenors must intervene the moment they have an interest in a

case. That cannot be true under the Federal Rules, as intervention as of right is unavailable when

"existing parties adequately represent [an intervenors'] interest." Fed. R. Civ. P. 24(a)(2). Until

the Fifth Circuit found Plaintiffs' standing lacking, Intervenors lacked a right to intervene. A ruling

---

[1] The Supreme Court has held that a district court may not revisit "questions which the mandate laid to rest," *Sprague v. Ticonic Nat. Bank*, 307 U.S. 161, 780 (1939), but this does not speak to issues not encompassed in the mandate. *Id*. at 781 ("While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues."). Intervenors ask the district court to consider the merits of their claims because their claims were not "laid to rest" by the Fifth Circuit. The Fifth Circuit's mandate is based on its standing analysis and, because Intervenors have Article III standing, the district court can adjudicate the merits of the claims.

otherwise would force parties such as Intervenors into a no-win situation: move to intervene early, and get denied intervention because you lack the right to intervene, or intervene once your right materializes, but be told you waited too long. Neither the Rules nor precedent require this result.

Defendants also argue they will be prejudiced by the intervention itself, but that is not the correct analysis under the Federal Rules. The Court only considers the potential prejudice to the parties caused by the delay in intervening, not the prejudice that may result from the intervention itself. *Edwards*, 78 F.3d at 1002; *see also Stallworth v. Monsanto Co*., 558 F.2d 257, 265 (5th Cir. 1977). As noted above, Intervenors moved to intervene at the earliest permissible point; accordingly, Defendants have not been prejudiced by Intervenors' timing.

Defendants also erroneously contend that Intervenors fail to show impairment because they "concede" that they can bring a new action against Defendants. Defs.' Br. 9. Defendants cite the fact that the Intervenors in this case are plaintiffs in a related case bringing different claims—*Texas Democratic Party, et al. v. Hughs*, No. 5:20-cv-00008 (W.D. Tex. Jan. 6, 2020)—as evidence of Intervenors' lack of impairment. Defendants' points are unconvincing. First, the other case referenced by Defendants does not impact Intervenors' ability to pursue the claims about which they seek to intervene. Even if Intervenors are granted intervention here, they will still pursue both litigations, which raise different claims about related but different subject matters. Intervenors' involvement in a separate lawsuit has nothing to do with their ability to intervene in this one. To claim that *any* case filed by the same party divests that party of the right to intervene in a wholly separate action is unsupported by the law. Second, the Fifth Circuit has permitted intervention despite an intervenor's ability to pursue additional litigation. *Gaines v. Dixie Carriers, Inc*., 434 F.2d 52, 54 (5th Cir. 1970). Third, Intervenors will be impaired if they are not allowed to intervene here. As stated in Intervenors' motion, if Intervenors are forced to bring a new suit, they will be

4

prejudiced because any potential remedy will encounter further, unnecessary delays. *See* Int. Mot. at 7. By allowing this lawsuit to continue with Intervenors, "the [C]ourt can avoid the senseless delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are." *Fuller v. Volk*, 351 F.2d 323, 329 (3d Cir. 1965) (quotations and citations omitted).

Intervenors' motion is also supported by the unusual circumstances in this case. *See* Fed. R. Civ. P. 24(a)(2). Intervenors raise the *exact* same Equal Protection claims that the current plaintiffs have already successfully litigated. The Court has already reviewed the record in this case and adjudicated the merits. Yet, Defendants continue to violate the law. Intervenors seek nothing more than to reinstitute the Court's merits ruling, a ruling that directly impacts Intervenors and would alleviate Defendants' denial of voting rights protections to millions of Texas voters.

### D. In the alternative, the Court should grant Intervenors' request for permissive intervention.

Defendants' argument against permissive intervention fails for the same reasons as their arguments against intervention as of right. To permissively intervene, Intervenors' claims and defenses must have questions of law and fact in common and intervention cannot unduly delay or prejudice the original parties. *Stallworth*, 558 F.2d at 269; Fed. R. Civ. P. 24(b)(1)(B), (3). As discussed above, Intervenors' motion is timely. Moreover, Intervenors' equal protection claim, like Plaintiffs', turns on Texas' disparate treatment of eligible voters who utilize DPS's online portal for driver's license transactions. Intervenors therefore meet the requirements of Rule 24(b), and the Court should exercise its broad discretion in allowing intervention. *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987).

## II. CONCLUSION

Intervenors respectfully request that this Court grant their Motion to intervene as a matter of right under Rule 24(a)(2) and for permissive intervention under Rule 24(b).

Dated: January 17, 2020.                    Respectfully submitted,

                                            /s/ John Hardin
                                            John Hardin
                                            TX State Bar No. 24012784
                                            PERKINS COIE LLP
                                            500 N. Akard St., Suite 3300
                                            Dallas, TX 75201
                                            Telephone: (214) 965-7743
                                            Facsimile: (214) 965-7793
                                            JohnHardin@perkinscoie.com

                                            Marc E. Elias*
                                            Aria C. Branch
                                            Emily Brailey*
                                            John M. Geise*
                                            PERKINS COIE LLP
                                            700 Thirteenth St., N.W., Suite 600
                                            Washington, D.C. 20005-3960
                                            Telephone: (202) 654-6200
                                            Facsimile: (202) 654-9959
                                            melias@perkinscoie.com
                                            abranch@perkinscoie.com
                                            ebrailey@perkinscoie.com
                                            jgeise@perkinscoie.com

                                            *Counsel for the Intervenor-Plaintiffs*

                                            Chad W. Dunn
                                            TX State Bar No. 24036507
                                            Brazil & Dunn, LLP
                                            4407 Bee Caves Road, Suite 111
                                            Austin, Texas 78746
                                            Telephone: (512) 717-9822
                                            Facsimile: (512) 515-9355
                                            chad@brazilanddunn.com

                                            *Counsel for Intervenor- Plaintiff Texas
                                            Democratic Party*

                                            *Admitted Pro Hac Vice*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020, I filed a copy of the foregoing Texas Democratic Party, DSCC, and DCCC'S Reply to Defendants' Response in Opposition to Motion to Intervene with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ John Hardin
Counsel for the Intervenor-Plaintiffs