UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

FEB 0 3 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| JARROD STRINGER, et. al. ) | |
| ) | |
| v. ) | CIVIL NO. SA-16-CV-257-OG |
| ) | |
| ROLANDO PABLOS, in his official ) | |
| capacity as Texas Secretary of State ) | |
| and STEVEN C. McCRAW, in his official ) | |
| capacity as Director of the Texas Department ) | |
| of Public Safety ) | |

| | |
|---|---|
| JARROD STRINGER, et. al. ) | |
| ) | |
| v. ) | CIVIL NO. SA-20-CV-46-OG |
| ) | |
| RUTH HUGHS, in her official capacity ) | |
| as Texas Secretary of State and STEVEN C. ) | |
| McCRAW, in his official capacity as ) | |
| Director of the Texas Department of ) | |
| Public Safety ) | |

ORDER

On January 17, 2020, Plaintiffs filed an Emergency Application for Preliminary Injunction and Request for Hearing. Docket no. 5.[1] On January 27, 2020, Defendants Hughs and McCraw filed a response. Docket no. 146.[2] On January 28, 2020, Plaintiff-Intervenors filed a motion to join in the motion for preliminary injunction, and their motion to join was granted. Docket no. 150. The same day, Plaintiffs filed their reply and supplemented their evidence. Docket no. 154. The Court held a hearing on January 28, 2020.

After filing their motion, Plaintiffs significantly narrowed the temporary injunctive relief they are seeking. Within that scope of relief, the continuing injury and/or threatened future injury suffered by the individual plaintiffs was the most urgent, given the February 3 deadline to register to vote. Thus,

---

[1] Docketed in 20-CV-46.

[2] Docketed in 16-CV-257. Unless stated otherwise, all docket references are to the docket in 16-CV-257.

the Court first considered, and granted, the very narrow temporary relief sought by the three individual plaintiffs. Docket no. 156. The urgency of the temporary relief already granted does not minimize the imminent nature of the relief still being sought. However, because the remaining relief being sought had proposed deadlines in March 2020, the Court found it prudent to first address the relief that had a February 3 deadline.

The relief ultimately sought by Plaintiffs and Intervenor-Plaintiffs is full compliance with the NVRA. In Stringer I, Defendants represented to the Court that implementation of corrective measures to come into compliance is technologically feasible and would take approximately 90 days. *See* docket no. 109 n. 1.[3] The temporary injunctive relief movants are currently proposing is much less than full compliance. It appears to be an interim measure that would not fix the NVRA violations being asserted herein but may alleviate, to some extent, the concern that persons who engage in online transactions with DPS remain unregistered to vote. *See* docket no. 152, proposed amended order. At the hearing, defense counsel indicated that Defendants do not fully understand what movants are seeking, but nevertheless indicated that they would not agree to such interim measure. Additionally, defense counsel stated that "what they're asking here is not a matter of weeks. It's a matter of months if not a year if not more." Tr. 47. It is difficult to believe that full compliance with the NVRA could be accomplished in 90 days, yet this interim measure would take months, a year, or more. What does seem clear is that both sides should meet and confer to discuss this proposed interim measure with persons in attendance who understand the technology that would be required and can determine, with reasonable accuracy, how long it would take to implement this type of interim measure. After meeting, conferring, and considering this or similar interim measures, both sides must provide the Court with sworn declaration(s) from person(s) who can attest to the feasability of this (or similar) interim measures and the length of time it would take to implement this or similar interim measures.

---

[3] Although judgment was vacated, Defendants' representations are part of the record.

It is therefore ORDERED that the parties meet and confer on or before February 7, 2020 to discuss this proposed or similar interim measure with persons in attendance (on both sides) who understand the technology that would be required and can determine, with reasonable accuracy, how long it would take to implement this type of interim measure. After meeting, conferring, and considering this or similar interim measures, both sides must provide the Court with sworn declaration(s) from person(s) who can attest to the feasability of this (or similar) interim measures and the length of time it would take to implement this or similar interim measures. These sworn declarations must be filed on or before February 10, 2020.

It is further ORDERED that for the duration of this case, Defendants must track, retain, and preserve the information that the Court requested in paragraphs 5d and 5e of its order entered on January 24, 2020. Docket no. 141. It is highly relevant to the issues herein, and Defendants' decision not to track, record, or preserve such information at this juncture, after four years of litigation, is concerning. Tr. 79-80.

SIGNED and ENTERED this 3 day of February, 2020.

ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE