**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JARROD STRINGER, et al., | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | No. 5:16-CV-00257-OG |
| | § | |
| ROLANDO PABLOS, et al., | § | |
| *Defendants.* | § | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | § | |
| | § | |
| JARROD STRINGER, et al., | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | No. SA-20-CV-46-OG |
| | § | |
| RUTH R. HUGHS, et al., | § | |
| *Defendants.* | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

The above-captioned matter is the consolidation of case No. SA-20-CV-46-OG ("*Stringer II*"), filed in 2020, and case No. SA-16-CV-257-OG, ("*Stringer I*"), filed in 2016. The parties to *Stringer I* litigated that case to final judgment in this Court and a subsequent appeal to the Fifth Circuit. The Fifth Circuit held that this Court lacked subject matter jurisdiction and remanded with instructions to dismiss for lack of standing. *Stringer v. Whitley*, 942 F.3d 715, 725 (5th Cir. 2019).

After remand, the Texas Democratic Party, Democratic Senatorial Campaign Committee, and Democratic Congressional Campaign Committee (collectively, "Democratic Party Intervenors" or "Intervenors") moved to intervene in *Stringer I*.

*See* Dkt. 124. Defendants opposed that intervention because of the Court's lack of jurisdiction due to the Fifth Circuit's narrow and specific mandate, and because the Democratic Party Intervenors' failure to meet the requirements for intervention of right under Rule 24(a)(2) or permissive intervention under Rule 24(b)(1)(B). Dkt. 133.

On January 21, 2020, this Court *sua sponte* consolidated *Stringer I* and *Stringer II*, Dkt. 135, stating that consolidation would conserve judicial resources. The Court also granted the motion to intervene that the Democratic Party Intervenors filed in *Stringer I*, ordering that they could properly intervene in the newly consolidated case, "pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(1)(B)." Dkt. 136. The Court then dismissed the *Stringer I* Plaintiffs' claims from the newly consolidated case. Dkt. 139.

On January 28, 2020—hours before this Court's hearing on the *Stringer II* Plaintiffs' motion for preliminary injunction—Democratic Party Intervenors sought leave to move for summary judgment in the consolidated case, stating as follows:

> Texas Democratic Party, DSCC, and DCCC ("Intervenors"), by and through their attorneys, hereby move the Court for leave to file for summary judgment pursuant to Fed. R. Civ. P. 56(b). Intervenors seek leave to file because they seek to file for summary judgment outside of 30 days after the close of discovery. Leave to file outside the time limit required by Fed. R. Civ. P. 56(b) is appropriate because Intervenors did not join this action until after the time limit contemplated by the Rule and hence could not file within the time limit.

Dkt. 151. This request should be denied.

## I.     The Court lacks jurisdiction over *Stringer I.*

The Court should not entertain the Intervenors' motion for summary judgment in *Stringer I* because that case should have been entirely dismissed and closed by the

Court. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). "Compliance with an order to relinquish jurisdiction necessarily precludes the lower court from taking any further action other than dismissal, for to do so would involve retaining jurisdiction." *Stamper v. Baskerville*, 724 F.2d 1106, 1108 (4th Cir. 1984). As the Fifth Circuit has explained, "[t]he mandate rule requires a district court on remand to effect our mandate and to do nothing else." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007).

Accordingly, the Democratic Party Intervenors sought summary judgment based solely upon the record in a case over which the Court had been divested of subject matter jurisdiction. Thus, despite any factual overlap, allowing intervention and granting leave to seek summary judgment based solely upon the record in *Stringer I*—a case to which the Democratic Party Intervenors declined to make themselves a party for approximately four years—violates the mandate rule. *See, e.g.*, *id.* Intervenors' new claims must be considered only as part of new litigation, if at all. *See also* Dkt. 133 (Defendants' Response in Opposition to Motion to Intervene). Simply put, Defendants should not be forced to litigate any further in *Stringer I.*

## II.   Defendants cannot present facts essential to their opposition to the Intervenors' Motion for Summary Judgment.

Even if the Court were to entertain further proceedings in *Stringer I*—which it should not—the Court should not permit Intervenors to file a motion for summary

judgment at this stage of proceedings. There is no basis for depriving Defendants the right to conduct discovery regarding their claims. When a litigant moves for summary judgment,

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). "Rule 56(d) motions for additional discovery are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)); *accord Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)).

As a matter of settled law recognized in this case and in countless others, "plaintiffs seeking injunctive relief must show a continuing or threatened future injury to themselves" and "must also show that there is a substantial risk that they will suffer the potential future injury absent their requested relief." *Stringer v. Whitley*, 942 F.3d 715, 721 (5th Cir. 2019) (citing *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013). Defendants have never had any opportunity to conduct discovery into any element of Democratic Party Intervenors'

claims—including their standing to assert them.[1] Given the Fifth Circuit's ruling in *Stringer I* and Intervenors' burden to prove their standing, facts obtained during discovery could have a dispositive impact on the outcome of Intervenors' claims. Consequently, because Defendants intend to assert a lack of standing and other fact-based defenses if forced to respond to Intervenors' claims, Defendants would not be able to "present facts essential to justify [their] opposition" to Intervenors' motion for summary judgment. FED. R. CIV. P. 56(d).[2]

If the Court is to accept Intervenors' proposed motion—which it should not, because it lacks jurisdiction to do so—the Court should at the very least defer ruling until after the normal course of litigation, including an opportunity for Defendants to conduct discovery as to the Intervenors. Indeed, even if it were appropriate to rely upon portions of the factual record developed in *Stringer I* in the interests of judicial and party economy, considering the Democratic Party Intervenors' motion for summary judgment before Defendants have an opportunity to develop any evidence necessary to properly respond would be unduly prejudicial to Defendants' ability to defend themselves in this litigation.

---

[1] Defendants do not concede other defenses to the Democratic Party Intervenors' claims and reserve the right to seek discovery on topics other than their standing. Standing is noted as an example rather than an exclusive list.

[2] The Democratic Party Intervenors appear to claim standing based upon their allegations that they engage in voter registration efforts, and that each "believes it must register additional voters to account for voters who mistakenly believe they have updated their registration" by transacting with DPS online. Dkt. 153-2 at ¶10; *see also* Dkts. 153-1 at ¶ 12; 153-3 at ¶6. But, even if genuinely believed by the affiants, these statements lack the proper foundation and, "[n]eedless to say, unsubstantiated assertions are not competent summary judgment evidence." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citation omitted).

Because Intervenors seek to file their summary judgment at an inappropriate stage of their claims—that is, at the outset, rather than after discovery and the normal course of litigation—the Court should reject Intervenors' proposed motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Intervenors' motion for leave to file a motion for summary judgment.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

*/s/ Christopher D. Hilton*
ANNE MARIE MACKIN
Texas Bar No. 24078898
CHRISTOPHER D. HILTON
Texas Bar. No. 24087727
Assistant Attorneys General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2798 | FAX: (512) 320-0667
anna.mackin@oag.texas.gov
christopher.hilton@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

6

**CERTIFICATE OF SERVICE**

I certify that on February 4, 2020, the foregoing instrument was filed electronically via the Court's CM/ECF system causing electronic service upon all counsel of record.

/s/ *Christopher D. Hilton*
CHRISTOPHER D. HILTON
Assistant Attorney General