# Exhibit C

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JARROD STRINGER, et al.<br><br>                Plaintiffs,<br>   v.<br><br>RUTH HUGHS, in her official capacity as Texas Secretary of State and STEVEN C. MCCRAW, in his official capacity as Director of the Texas Department of Public Safety<br><br>                Defendants. | Civil Action Case No. 5:20-cv-00046-OLG |

## DECLARATION OF SARA SCHAUMBURG IN SUPPORT OF INTERVENOR-PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Pursuant to 28 U.S.C. § 1746, I, Sara Schaumburg, testify that:

1. I am over the age of 18, am competent to testify, and declare the following facts based on my own personal knowledge.

2. I am currently employed as the Director of Voter Protection & Deputy Policy Director by the DSCC.

3. As the national senatorial committee of the Democratic Party, DSCC has a vested interest in the registration of voters who can cast ballots to support Democratic candidates for U.S. Senate.

4. In 2018, DSCC made contributions and expenditures in the tens of millions of dollars to persuade and mobilize voters to support Democratic Senate candidates. DSCC expects to invest millions in support of MJ Hegar in her campaign against Republican Senator John Cornyn through contributions to her campaign and to the Texas Democratic Party ("TDP"). To date, the DSCC has already spent at least $180,445.17 this year on efforts to elect Democratic candidates in Texas.

5.      Defendants' conduct forces DSCC to provide additional resources in Texas to be spent on get out the vote ("GOTV") and voter persuasion efforts, diverting those funds from other mission-critical efforts nationwide. DSCC has concentrated its limited resources on efforts in various battleground states. But now, DSCC must divert resources—including funds, personnel, and time—from efforts in other key battleground states to address the issues arising in this case, specifically to address the numerous burdens which Defendant Hughs places on voters wishing to register online in the state, and to attempt to get additional voters to turn out to compensate for the effects of these burdens. Among other burdens, these include both the issues detailed in this case as well as those which form the basis of the complaint in *Texas Democratic Party v. Hughs*, No. 20-cv-00008 (W.D. Tex. 2020).

6.      DSCC also anticipates transferring more money to the Texas Democratic Party ("TDP") to support the coordinated campaign, which is a program by which the DSCC works collaboratively with the state party committee and other national Democratic party committees to elect Democrats up and down the ticket within the state. In advance of the 2020 election, DSCC intends to transfer more funds than it previously planned to transfer to the TDP to spend on its field program in light of Defendants' illegal conduct. The field program will necessarily involve, among many things, voter registration efforts to help elect Democratic candidates from Texas to national office. Thus far this election cycle, DSCC has transferred $25,000 to the TDP.

7.      Defendants' conduct directly harms DSCC by frustrating its mission of, and efforts in, electing the Democratic Party candidate to the U.S. Senate by forcing DSCC to divert additional funds and resources to Texas to ensure that eligible citizens are not misled into believing that they have effectively registered to vote, and are in fact registered to vote and cast a ballot.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2020.

DocuSigned by:

*Sara Schaumburg*

37D0F3D6FE63468...

Sara Schaumburg
Director of Voter Protection & Deputy Policy Director, DSCC