# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JARROD STRINGER, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| and | § | |
| | § | |
| TEXAS DEMOCRATIC PARTY, DCCC, | § | CIVIL NO. SA-20-CV-46-OG |
| and DSCC, | § | |
| | § | |
| *Intervenor-Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| RUTH HUGHS, in her official capacity as | § | |
| Texas Secretary of State, and STEVEN C. | § | |
| McCRAW, in his official capacity as Director | § | |
| of the Texas Department of Public Safety, | § | |
| | § | |
| *Defendants.* | § | |

## SETTLEMENT AGREEMENT

Jarrod Stringer, MOVE Texas Civic Fund, League of Women Voters of Texas, Nayeli Gomez, and John Harms (collectively, the "Plaintiffs"); the individuals named in their official capacities on behalf of the Texas Secretary of State and the Texas Department of Public Safety (collectively, the "Defendants"); and the Texas Democratic Party, DCCC (Democratic Congressional Campaign Committee), and DSCC (Democratic Senatorial Campaign Committee) (collectively, the "Intervenors"), all of whom are the "Parties" to the above-captioned "Litigation," have reached a full and final settlement of the Litigation as set forth in this Settlement Agreement (the "Agreement"). Therefore, for the consideration described herein, parties agree as follows:

1.      Defendants, their agencies, and any successors to their responsibilities will continue to utilize and make permanent the changes to the online driver license renewal and change-of-

address process to ensure that simultaneous voter registration is available to applicants renewing their driver license or identification card or changing the address associated with their driver license or identification card. Except as otherwise stated in this Agreement, the changes contemplated by this paragraph have already been implemented pursuant to the Court's January 30, 2020, and August 28, 2020 preliminary injunctions, ECF Nos. 46 and 97, and constitute a sufficient process.

2. Defendants will maintain language on the DPS driver license online portal website that reflects accurately the current process for handling voter registration requests as described in Paragraph 1. The language contemplated by this paragraph has already been implemented by Defendants following the Court's May 5, 2021 status conference, and is sufficient.

3. Defendants agree that information related to the process for handling voter registration requests described in Paragraph 1 may be subject to disclosure under the Texas Public Information Act or other applicable law, pursuant to the statutory provisions governing such disclosures. Moreover, Defendants agree to maintain records regarding individuals who checked "yes" during the online voter registration process described in Paragraph 1.

4. This Agreement does not supersede, and is not intended to supersede, any of the Defendants' obligations under federal or state law, whether such obligations exist now or at any time while this Agreement is effective. If Defendants later assert that any such federal or state law obligations require Defendants to modify the process outlined herein, Plaintiffs reserve the right to bring any claim under federal or state law challenging such modifications.

5. Nothing in this Agreement, or any action taken under this Agreement, is an admission of liability—nor should it be interpreted as an admission of liability—by any of the Defendants, or by any current or former employee, agent, or representative of the Defendants.

6.      If there is cause to believe that a breach of this Agreement has occurred, the Parties

agree that all claims of breach shall be adjudicated through a new lawsuit brought in state or federal

court in the Western District of Texas (San Antonio Division).

7.      Defendants will pay the Plaintiffs a total of $175,000 for the Plaintiffs' attorneys'

fees and costs incurred in this Litigation through checks payable to the Texas Civil Rights Project,

with $87,500 payable by the Texas Secretary of State and $87,500 payable by the Texas

Department of Public Safety. The Plaintiffs shall provide the Defendants with its IRS Form 1099

for the payee, and the Defendants shall make payment as expeditiously as possible. The Parties

agree that other than the payment of the $175,000, each party will bear its own fees and costs

incurred in connection with this Litigation.

8.      The Intervenors expressly waive any claim for their attorneys' fees and costs

incurred in connection with this Litigation.

9.      The Parties agree to file joint motions to dismiss with prejudice all of the Plaintiffs'

and Intervenors' claims pursuant to Federal Rule of Civil Procedure 41(a)(2) within three business

days of Plaintiffs' receipt of the fees and costs payment set out above in paragraph 7. The Parties

understand and agree that the enforceability and validity of this agreement are expressly

conditioned upon entry of an order by the United States District Court for the Western District of

Texas, San Antonio Division, dismissing all of the Plaintiffs' and Intervenors' claims against all

of the Defendants in all of the consolidated cases in their entirety with prejudice.

10.     Upon the Plaintiffs' receipt of the fees and costs payment set out above in paragraph

7, Plaintiffs and Intervenors knowingly and voluntarily agree to fully, finally, and forever

unconditionally release, acquit, and discharge all of the Defendants, their agents and employees,

including their attorneys and former employees (the "Releasees"), from any and all debts,

demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, losses, expenses (including attorneys' fees and costs incurred), claims or rights under any and all federal and state laws, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, whether known or not, which the Plaintiffs and Intervenors now have or could have asserted in this Litigation. Notwithstanding the foregoing, the Plaintiffs and Intervenors may bring an action to enforce the provisions of this Agreement as provided for in paragraph 6. The Plaintiffs agree to withdraw any outstanding NVRA notices related to this Litigation. Nothing in this Agreement prevents Plaintiffs and Intervenors from bringing an action against Defendants if data, methodological, or other systemic limitations cause the simultaneous registration procedures outlined herein to fail to permit simultaneous voter registration to applicants renewing their driver's licenses or identification cards as well as those who are requesting a change of address.

11.     Subject to and in consideration of the releases from the Plaintiffs and Intervenors, Defendants fully and finally release the Plaintiffs and Intervenors, their agents and employees, including their attorneys and former employees, from any and all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, losses, expenses (including attorneys' fees and costs incurred), claims or rights under any and all federal and state laws, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, whether known or not, which the Defendants now have or could have asserted in this Litigation.

12.     The individuals whose signatures are affixed to this Agreement in a representative capacity represent and warrant that they are authorized to execute this Agreement on behalf of, and to bind, the entity on whose behalf the signature is affixed.

13.     The Parties acknowledge they have had the right to consult with an attorney before signing this Agreement. The Parties represent and warrant they have read this Agreement and reviewed it with their counsel, and further represent and warrant that they have executed this Agreement of their own free will and accord without further representation of any kind or character not expressly set forth herein.

14.     This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in this Agreement shall not be interpreted against any one Party.

15.     This Agreement contains the entire understanding of the Parties hereto, supersedes any and all prior agreements or understandings, statements, promises, or inducements contrary to the terms of this Agreement, and shall not be amended except by written instrument expressly referring to this Agreement and signed by all of the Parties hereto.

16.     This Agreement is binding on the Parties, their successors in office, employees, representatives, delegates, agents, assigns, and all persons acting on their behalf, to the extent permitted by law or required by this Agreement.

17.     This Agreement may be executed in counterparts, each of which shall constitute an integrated and enforceable whole.

IN WITNESS WHEREOF, the undersigned, having represented and warranted their authority to enter into and execute this Agreement, have executed this Agreement effective as of the last date written below.

_Jarrod Stringer_
9377F34C2D8A442...
[Signatory for Jarrod Stringer]

July 23, 2021

Date

_Sarah Audelo_
DC4CEACC205248B...
[Signatory for MOVE Texas Civic Fund]

July 26, 2021

Date

_Grace Chimene_
93979B7BA5B7426...
[Signatory for League of Women Voters of Texas]

July 25, 2021

Date

NAYELI GOMEZ
48C6E88421D7480...
[Signatory for Nayeli Gomez]

July 26, 2021

Date

_John Harms_
A07D48E5C428444...
[Signatory for John Harms]

July 24, 2021

Date

_Adam Bitter_
21F78F5D97A743A...
[Signatory for the Texas Secretary of State]

July 26, 2021

Date

_Kathleen T. Murphy_
B2F1AC83B82648E...
[Signatory for the Texas Department of Public Safety]

July 26, 2021

Date

_Gilberto Hinojosa_
B0DDF59883F7471...
[Signatory for the Texas Democratic Party]

July 26, 2021

Date

49451F607D264FB...
[Signatory for DCCC]

July 26, 2021

Date

_Allison Wright_
66CB5FE5FDD346F...
[Signatory for DSCC]

July 25, 2021

Date